Next case on the docket, People v. Brown, 5-24-0696. Appellant, if you are ready to proceed, you may do so, and please identify yourself for the record. Good morning. Opposing counsel, your honors, and may it please the court. My name is Savannah Creek on behalf of Mr. Shondrell Brown. Your honors, this appeal concerns two key errors. First, that Mr. Brown received ineffective assistance of counsel when his trial counsel failed to move to sever the two unrelated charges. And second, that the trial court improperly considered unproven allegations at sentencing. Your honors, we ask this court to reverse both convictions and remand for new and separate trials. Or alternatively, we ask this court to vacate Mr. Brown's sentence and remand for resentencing. Turning to the first issue, counsel's ineffective assistance. Under Strickland v. Washington, a defendant must show two things in order to prevail on an ineffective assistance claim. One, a deficient performance, which, to be clear, the trial court already found in this case. And second, prejudice, both of which are satisfied in this case. Looking at the deficiency prong, trial counsel's failure to seek severance in this case was constitutionally deficient. Generally, two or more offenses can be charged from the same indictment if they are part of the same comprehensive transaction. To determine this, courts consider factors such as the proximity and time and location of the offenses, the evidence needed to link the offenses, and whether there was a common method in the offenses, and finally, whether the same evidence would establish elements of each offense. However, Illinois law allows for severance discharges where the rejoinder would prejudice the defendant. In this case, there is no indication in the record that the trial counsel even considered severance, even though the trial court determined that the shootings were not part of the same transaction, as they were two separate incidents involving different victims, occurring on different days, and at different locations. On November 13th of 2015, Alexander Brown, unable to identify his shooter, was shot from behind at about 9 p.m. while standing on Friends Porch. The following day, on November 14th of 2015, Kathryn Dooley was shot in broad daylight at about 10 a.m. while driving down the street, over a mile away from the Alexander shooting. Despite the factual separation between the shootings, these charges were tried together before one jury. Illinois courts have warned that evidentiaries spillover between distinct charges can create prejudice, exactly the kind that can be seen in Mr. Brown's case. In People v. Utley, the First District emphasized that the failure to move for severance is ineffective when there is no discernible strategy in not filing a motion to sever. Here, trial counsel never filed a motion to sever, and he did not indicate any strategic reason for this failure. This omission was not strategic. It was objectively unreasonable. The trial court, who heard all of the evidence itself, acknowledged post-trial on page 155 of the record that the two shootings were not part of the same transaction, and that trial counsel probably should have moved to file for severance. This is not a hindsight critique. This is an indisputable legal error. Turning to prejudice, Strickland makes clear that prejudice is shown where counsel's errors are so serious as to deprive the defendant of a fair trial, and there is a reasonable probability that but for counsel's errors, the result of the proceedings would be different. Here, the trial court made a finding that there was no prejudice. However, the trial court made that finding while citing to its mistaken belief that both victims could positively identify their shooter. Alexander maintained throughout his recorded interview with police and at the trial on page 143 of the record that he did not see who shot him. Counsel, didn't the defendant's attorney say he purposely pursued an all-or-nothing strategy by not severing? Your Honor, while the state has asserted that trial counsel pursued an all-or-nothing strategy, the trial counsel himself stated that he did not consider severance at all, so there can be no strategic strategy if you aren't even considering it. So, Alexander maintained throughout his recorded interview that he did not see who shot him. Calvin did identify his shooter in a photo at the hospital, but therein lies the prejudice. The trial court itself believed at trial, because these cases were not severed, that both victims, rather than the fact that only one victim, identified Mr. Brown. This is the type of evidence that leads to evidentiary aggregation. In Peeble v. Lewis, the defendant was convicted of two counts of murder, each of which occurred on different days, at separate locations, and with different motives. The First District determined that counsel was ineffective for failing to file the motion for severance because of the impact that the cumulative evidence had on the jury. The danger of these types of evidentiaries fellow versus real. When unrelated charges, such as Mr. Brown's, are joined, it poses an unacceptable risk that a jury will aggregate the evidence and convict based on propensity or confusion, rather than proof beyond a reasonable doubt. And that risk became a reality for Mr. Brown. As previously stated, Alexander stated he never saw who shot him. He was shot from behind and could not identify the shooter. At the hospital, Calvin identified Mr. Brown in a photo lineup, but later amended a trial that he did not remember even doing a lineup. By combining the evidence, it made Mr. Brown appear more culpable than the evidence from either case alone supported. As stated, the trial court was confused, mistakenly stating that Alexander had identified Mr. Brown as his shooter, which can be seen on page 151 of the record. Can I ask you a question, Councilwoman? You kind of made a couple of statements, and I'll be honest, we have so many of these cases, sometimes they run together a little bit, the facts, and I'm trying to remember, was this a jury trial or a bench trial? It was a jury trial, Your Honor. Okay. So that mistake by the trial court in misunderstanding the evidence of this jury trial illustrates exactly why separance was necessary. This was not a harmless error. It was prejudicial. Turning to the second issue, the trial court's improper reliance on unproven and uncharged conduct during sentencing. At the sentencing hearing, the court relied on multiple allegations that were either never charged or not proven by evidence. This included gang-related intimidation of a murder witness in 2021, which Mr. Brown was not present for, rumors that Mr. Brown was selling narcotics and stole a firearm out of Atlanta, Georgia, and vague references to Mr. Brown's supposed gang associations, based entirely on police speculation. Even the trial court acknowledged that one of the officers' testimony was, quote, filled with speculation, but they went on to credit it anyway. This is precisely the type of sentencing error condemned in People v. McPhee when the first district concluded that it is improper to consider the conduct of others at sentencing. Here, the court was considering the conduct of gang members. Despite the fact there was no evidence presented that Mr. Brown was ever a member of any gang. This was not a harmless error. It was a denial of Mr. Brown's due process for the sentencing court to base its punishment on mere speculation and community rumor. Your Honors, we ask this court to reverse both convictions and remand for new and separate trials because Mr. Brown pursued ineffective assistance of counsel. Or alternatively, we ask this court to vacate its sentence and remand for resentencing because the trial court relied on improper, unproven allegations. Thank you. No questions. I do have a question. At one point, wasn't there some question raised by the judge about severance? No, Your Honor. In this case, the judge never asked trial counsel about severance. There was a hearing with separate counsel raising ineffective assistance of counsel claim, and that's where they were discussing. So that came up after trial? Yes, Your Honor. Okay. And what was his comment? I'm sorry. What was the comment? What was the comment? From the judge. The comment was they were asking whether or not he considered severance, whether there was any strategy to severance. And he said that he did not consider it in this case. And the judge's comments were just comments relating to, like, questions they may have had. I don't recall, but that happens in the record. I can give you a record site for it in one minute. Or I can give it to you on rebuttal. I have the site for you. Okay. Thank you. Okay. Thank you. Emily, you may proceed. Please identify yourself for the record before you start. Good morning, Your Honor. This is Adam Roderick. It's for the people. Your Honor, this counsel may face the court. Defendant did not receive ineffective assistance of counsel for mistrial counsel's decision to not move to sever the cases against him and instead seek an acquittal on both charges. In this case, defendant contends he suffered ineffective assistance from mistrial counsel's decision to not move to sever the charges against him. However, that argument fails for two reasons. One, trial counsel's decision to not sever and instead seek an acquittal on both charges was based on sound strategic considerations. And two, defendant cannot show prejudice, i.e., that the results would have been different had counsel moved to sever the charges based on the sufficiency of the evidence to find him guilty on both attempted murder charges and alternatively, assuming or arguing that counsel had moved to sever the charges, the people would have still sought to admit evidence linking defendant to both murders through an identity motion and evidence limine. As to the lack of efficient performance. As this court is well aware, generally defense counsel's decision whether or not to sever is a matter of trial strategy. And indeed, Illinois law recognizes that an attorney may choose to not sever cases and engage in an all or nothing strategy, which is absolutely recognized and sound. Accordingly, even when the trial court would have granted a motion to sever, counsel cannot be deemed ineffective because he did not go that route. In this case, trial counsel pursued an all or nothing strategy based on reasonable strategic considerations, which included seeking an acquittal on both counts so as to prevent the prosecution from getting two bites at the same apple. And with respect to my friend on the other side's comment a moment ago that counsel never made any reference to his strategy or spoke about the underlying rationale why he chose to sever, that's just incorrect. Counsel's strategy sought to hold the prosecution to its burden of establishing the defendant's guilt beyond a reasonable doubt. That's included multiple times in the record at R137, 348 through 350, 353 through 354, and 358. Given the circumstantial nature of this case, as well as the fact that the prosecution's witnesses appeared uncooperative pretrial and then at trial gave inconsistent statements, counsel reasonably could have concluded it was better to hold the prosecution to its burden in one case than subject the defendant to two attempt murder trials. Indeed, the witness's inconsistency aided counsel at trial because it allowed him to argue to the jury, look at these two witnesses, they're giving inconsistent statements, it permitted him to engage in a specific argument and a specific strategy that would not occur had counsel severed the charges. Indeed, counsel explained that his strategy during the subsequent post-trial hearing sought to prevent the prosecution from, quote, taking two bites at the apple or the jury, quote, splitting the baby and convicting the defendant on just one count. As the record shows, counsel said he chose to go for the juggler and sought to quit on both charges, even though he believed he would have been successful in a motion to sever. Choosing not to subject the defendant to two attempt first-degree murder charges, or murder trials, excuse me, and instead seeking an acquittal on both counts in one trial where the prosecution would have been prevented from engaging or correcting any potential evidentiary errors is absolutely sound trial strategy and it minimizes the prejudice that would have resulted from two murder trials. As to the law of prejudice, as this Court is aware, defendants claim that he was prejudiced by his trial counsel's decision not to sever depends on how the defendant would have fared in those separate trials. As this Court has said, the defendant would show a reasonable probability that if tried separately on each count, he would have been found not guilty on one or two of the separate trials. As the people argued in their brief in this case, the evidence and the reasonable inferences derived from the two trials were not enough to support two convictions if tried separately. Both victims easily identified the defendant as their shooter, to the extent that they offered subsequent testimony in that trial, which was inconsistent with their identifications. That's an issue of wait for the jury to determine. It's not a matter of inherent invisibility, nor does it rise to the level of a reasonable doubt. Alternatively, assuming argument that severance had been granted, evidence that the two victims identified the defendant as their shooter would still have been admitted pursuant to a motion in limine seeking to admit other crimes evidence for purposes of identity. When the only crimes evidence sought is something other than modus operandi, mere general similarities are sufficient. Proving that the defendant committed or participated in the crime is not necessary beyond a reasonable doubt for the other crimes evidence to be admitted. Here, the evidence linking the defense included the same gun and bullets used to shoot the victims, that the defendant was seen in the same vehicle, a white Toyota Highlander SUV, that blue paint balls matching the color of those used to shoot the victim, along with another firearm, as well as some evidence indicating the defendant resided at the 1205 Linview residence, were discovered at that home. Therefore, those issues, those evidence would absolutely have been admissible for purposes of identity to link the defendant to both of the crimes. Evidence of the first shooting would have supported the second, and the subsequent evidence discovered during the course of the investigation following the second shooting would have corroborated the first. In regards to the cases counsel cited regarding severance, those are either generally inapplicable or easily distinguishable. In Hayden, Wicker, Walston, and King, the courts were reviewing whether the trial court erred in not granting a motion to severance. The court did not analyze the issue of ineffective assistance at all whatsoever. In Parello in 1932, pre-Strickland case, our Supreme Court found no reversible error in the prosecution of multiple armed robbery charges stemming from an armed robbery at a residence of several people. Again, no ineffective analysis there. In regards to Utley, Lewis, and Carriker, the courts either found that there was no evidence in the record to show counsel engaged in a particular strategy that was served by not severing, or that counsel raised conflicting defenses to the charges to the defendant's detriment, thus suffering ineffective assistance. Unlike those cases, in this case, we had clear and direct evidence from defense counsel's testimony explaining his trial strategy. Again, counsel testified that he sought to hold the prosecution to its burden of proof. He sought to prevent the prosecution from taking two bites at the same apple, or the jury splitting the baby and finding the defendant guilty on one count and not guilty on the other. He specifically chose to, quote, go for the juggler and seek an acquittal on both counts. Even though he believed he would have been successful on a motion to sever. Clearly, counsel's testimony showed he sought to limit the prejudice the defendant would suffer from two attempted murder trials, to hold the state to its burden of proof, and to limit the state's ability to correct any issues in a potential second severed trial. Those all equal reasonable and sound trial strategy. Your Honors, in the time I have left, I would like to discuss very briefly the issue of the court's sentencing claim, the defendant's sentencing claim. In this case, defense counsel, excuse me, defendant, contends that the trial court abused its discretion by considering improper factors at sentencing. That is just simply incorrect. Defendant's argument fails as the trial court exercised appropriate discretion, but considering all the evidence in aggravation and mitigation, if I could just briefly conclude my point. The cases counsel cites for an improper factor are inapplicable. In those cases, the trial court was considering either that the victim had been killed, and thus, therefore, the trial court's consideration of that factor was implicit in the offense, or the actual harm that the victim suffered was specific, of a specific degree, which was found proper. That was the Joe case that the trial court said, excuse me, this court said that the consideration of the victim's death was improper. That's not what occurred in this case. The trial court appropriately considered all the evidence in aggravation and mitigation, which spoke to defendant's background in history and criminal misconduct. Therefore, since no error occurred in the trial court's sentencing consideration, plain error is an inapplicable circumstance. Therefore, for those reasons, as well as those argued in our brief, we ask you to affirm defendant's conviction and sentence. Thank you. No questions. No questions. Thank you. Your Honors, before I get into my rebuttal, I first want to give you the page citation that I was talking about. On my direct argument, those page cites are in the record on page 426 through 428 of the record, and that's where counsel states that he did not do any research into separating the counts, and that he did not consider trying to separate the counts, and that he did not recall how much he considered it in terms of trial strategy. So, Your Honors, briefly in rebuttal, the State argues that the trial court pursued an all-or-nothing strategy, the trial counsel pursued an all-or-nothing strategy, preferring to try both charges together. But there are three critical problems with that argument. First, the trial counsel himself did not testify that he made a strategic choice in not filing for severance. In fact, he testified he did not recall researching or considering severance at all in this case, and that he believed severance would have been granted had he filed the motion. That is specifically stated on page 447 of the record. That's not strategy. That's neglect. As the appellate court explained in People v. Utley, it is not enough for the State to speculate about strategy. The record must show that counsel affirmatively considered and rejected severance for a tactical reason. Here, it does not. Unlike this Court's decision in People v. Lacey, where counsel expressly declined severance, there is no such indication in Mr. Brown's case that counsel declined severance or even considered it. In fact, the failure to file the severance motion only arose during the post-trial hearing, where it was raised as a claim of ineffective assistance of counsel. Second, the trial court has already found that the shootings were not part of the same transaction, and that counsel's performance fell below that of a reasonable attorney. Third, the statement's brief argues that the jury could have considered this evidence anyway as other crimes' evidence. But that is speculative, as it would assume that Mr. Brown would have been found guilty of at least one charge had they been severed. And that's not the situation that we're in here. There was no mustard and lemonade. There was no ruling on admissibility. There's no guarantee that such evidence would have been admitted, or if it had been admitted, that it would not have been limited by proper instruction. It is entirely different for a jury to hear a separate shooting through the narrow lens of a rule 404B rule of evidence, as the state's suggestion in its brief, than it is to try two charges jointly without limitation. The bottom line is the state offers post hoc rationalizations that the record does not support. Rather, the record reflects a lack of strategy and resulting prejudice. Counsel also cites to this court's case in People v. Joe, where the sentencing court considered multiple factors outside of multiple improper factors. And this court said that it could not determine the weight that the court gave, so a remand was required. Here, it's unclear the weight that the court gave. All we have is that they considered this conduct of other gang members without evidence that Mr. Brown was even a gang member, let alone a part of the aforementioned conduct. Thank you. Final questions? No questions. No questions. Thank you, counsel. Good morning. We will take this matter under advisory and issue a ruling in the court.